UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALLAS JOSHUA JAMES MYERS,

Plaintiff,

v.

EDMUND BROWN, et al.,

Defendants.

No. 2:18-cv-0111-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a complaint (ECF No. 1) and an application to proceed in forma pauperis (ECF No. 7).[1]

Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

/////

/////

---

[1] This is the second IFP application in this case. The first (ECF No. 2) was filed contemporaneously with plaintiff's complaint. It appears, based on plaintiff's address, that the second IFP application may have been prompted by his release from prison. Thus, the court will consider only the latter. The first application is now moot.

1

Screening

I.   Legal Standards

The court is required to screen complaints by individuals proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). It should dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

Plaintiff brings this action against twelve defendants and his complaint contains various, unrelated claims. He alleges, *inter alia*, that: (1) in retaliation for filing a lawsuit, unnamed correctional officers at Mule Creek State Prison subjected him to cell searches and confiscations of food and hygiene products (ECF No. 1 at 10-11); (2) that defendant Richard Weiss, a physician and plaintiff's primary care provider, subjected him to unwanted sexual advances and interfered with his medical care when he refused those advances (*id.* at 11); (3) that his rights under the Americans with Disabilities Act were violated[2] when he was assigned to an upper bunk bed in spite of his ambulatory limitations (*id.* at 8); (4) that, after plaintiff's transfer to California State Prison, Corcoran, he was not provided with psychiatric medication, his legal mail went undelivered, and his conditions of confinement were unconstitutional (*id.* at 9); and (5) that Governor Brown overpopulates state prisons "without providing proper [a]ccommodations to . . . prisoners including the plain[t]iff." These unrelated claims against multiple defendants violate the federal rules of civil procedure. Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief against multiple defendants arise out of common events and contain common questions of law or fact.

The court also notes that plaintiff's complaint, although typed, is extremely difficult to read. Many of the claims are set out in lengthy, unbroken paragraphs. *See*, *e.g.*, ECF No. 1 at 10-11. Additionally, the type font is extremely faint and, at times, almost impossible to make out.

---

[2] Plaintiff appears to bring this claim against Mule Creek State Prison itself. ECF No. 1 at 8. This is not a viable defendant insofar as the prison is not a "person" within the meaning of section 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969).

*See*, *e.g.*, *id.* at 16-17. Although he is not an attorney, plaintiff bears the responsibility of ensuring that the court (and any defendants who are ultimately served) can make sense of his allegations.

Finally, the court recognizes that plaintiff has attached to the end of his complaint a "motion to leave of court to incorporate a third party plaintiff." ECF No. 1 at 19. Therein, plaintiff requests that Maurice Godoy – who is plaintiff's "jailhouse lawyer" – be designated a third-party plaintiff to this suit. *Id.* at 19. Plaintiff misunderstands third party practice under the federal rules. Under those rules, after the plaintiff names a defendant as a party, that defendant may as a third party plaintiff, file a third party complaint against a third party defendant who "is or may be liable to [the defendant and third party plaintiff] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Additionally, when a claim is asserted against a plaintiff in a lawsuit, "the plaintiff may bring in a third party if this rule would allow a defendant to do so." Fed. R. Civ. P. 14(b). These conditions not being met, plaintiff's request to have Mr. Godoy designated a third-party plaintiff is denied.

Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

4

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's earlier application to proceed in forma pauperis (ECF No. 2) is DENIED as MOOT;

2. Plaintiff's most recent application to proceed in forma pauperis (ECF No. 7) is GRANTED;

3. Plaintiff's request to add Maurice Godoy as a third-party defendant to this action is DENIED;

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

/////
/////
/////
/////

5. Failure to file an amended complaint within the foregoing deadline will result in a recommendation that this action be dismissed for failure to prosecute.

DATED: February 11, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE